J. S. KAESER, Appellee, v. PETER MANDERSCHIED et al.,
· · Appellants.

PLEADING: Motions—Irrelevant Matter on Foreclosure. An allegation
1 by a mortgagor in mortgage foreclosure that he had sold the property
to one who had not been brought into the foreclosure, and was holding
the property as a tenant of said grantee, is irrelevant to any issue in
the foreclosure, and is properly stricken on motion.

PLEADING: Answer—Inoperative Denials. A denial of any knowledge
2 or information sufficient to form a belief is inoperative when the ad-
missions made remove all matters upon which issue could be joined.

Headnote 1:  31 Cyc. p. 637.  Headnote 2:  31 Cyc. p. 208.

*Appeal from Allamakee District Court.*—W. J. SPRINGER, Judge.

DECEMBER 16, 1926.

REHEARING DENIED APRIL 7, 1927.

Action to foreclose a mortgage. The court sustained a mo-
tion to strike the answer of defendants, from which ruling
defendants appeal.—*Affirmed.*

*William S. Hart,* for appellants.

*A. J. Eaton* and *E. R. Acres,* for appellee.

ALBERT, J.—On the 3d day of March, 1920, the Mander-
schieds executed to appellee a note for $17,000, secured by real
estate mortgage on certain property. On the 19th of March,
1. PLEADING: mo- 1925, suit was commenced to foreclose this mort-
tions: irrelevant gage, naming certain lien holders and B. F.
matter on fore-
closure. Barthell as defendants. Plaintiff's petition is
in the usual form for the foreclosure of a mortgage. It alleges
the execution and delivery of the mortgage and note, the due
recording of the mortgage, that the mortgage and note are still
plaintiff's property, that the same is past due, and that defend-
ants have, or claim to have, some lien or interest in or to said
real estate; but plaintiff alleges that such lien and interest, if

any, are junior and inferior to plaintiff's mortgage, and that there is now due $20,158.12, with interest from March 1, 1925. Various payments of interest were made.

The Manderschieds filed a separate duly verified answer, as follows:

"1. That since the execution of the note and mortgage set out in plaintiff's petition * * * they have united in a conveyance of said mortgaged premises to one B. F. Barthell, who * * * is not a party to the litigation.

"2. That these defendants, who are husband and wife, are now in the use, possession, and occupancy of said premises, as tenants of said B. F. Barthell, under lease from said B. F. Barthell for a term of two years from March 1, 1925, and as such tenants are entitled, under said lease, to the use, possession, occupancy, control, and management of said real estate for said term of two years, or at least so long as said B. F. Barthell shall remain the owner of said premises, entitled to the possession thereof, as against the plaintiff, the lien of plaintiff's mortgage upon said premises,—and these defendants have obligated themselves to pay rent upon said premises to said B. F. Barthell for said two-year term.

"3. Defendants admit execution of a certain $17,000 note to plaintiff and execution of a real estate mortgage to secure same, and admit and allege that certain payments and indorsements have been made by them upon the indebtedness represented by said note and secured by said mortgage; and as to all other allegations to plaintiff's petition have no knowledge or information sufficient to form a belief."

This answer was met by a motion to strike, on the following grounds:

"That the whole of said answer is sham and irrelevant pleadings, and is made wholly for the purpose of delaying the adjudication of this case."

This motion was sustained by the court, and from this ruling the appeal is taken.

The appellee justifies the ruling of the court on Section 11197, Code of 1924, reading as follows:

"Sham and irrelevant answers and defenses, and irrelevant and redundant matter in all pleadings, may be stricken out on

motion, upon such terms as the court may, in its discretion, impose."

This statute is clear, and needs no interpretation, and the question before us is a question of the application of this statute. The petition of appellee, among other things, alleges that whatever rights any of the defendants have or claim to have are junior and inferior to plaintiff's mortgage. This answer of the Manderschieds, above set out, amounts, in substance, to an allegation of fact that the makers of the mortgage had conveyed the property to Barthell, taking a lease back for two years, and were in possession of the property thereunder at the time suit for foreclosure was instituted. This, of course, would not be a defense against the foreclosure, and whatever rights they had under their lease, if any, could be adjudicated in this action. Had Barthell not been made a party to the action,—and in one sense he was not, because notice had not been served upon him at the time in controversy,—whatever the rights of the Manderschieds were in such case (they being parties to the action) could have been adjudicated in this action. Of course, so long as notice was not served upon Barthell, his rights, whatever they may have been, would not be affected. The Manderschieds were claiming certain rights under the lease with Barthell which they were bound to lose when Barthell lost his rights in this property, because they were claiming through him. Had they wished to protect the rights they claimed under this lease, as against Barthell, there was nothing to prevent them from having Barthell brought into the action, to the end that whatever rights they had should be protected; but that would be a question between them and Barthell, and whatever the result, it would not amount to a defense to this mortgage foreclosure, the mortgage having been duly recorded long before Barthell acquired the title to the property. This being true, this part of the defense, designated as "No. 2" in the answer, was wholly irrelevant to the pleading, and could, under proper motion, have been stricken.

When we take into consideration the allegations of the petition and the force and effect of the admissions made in the third division of the answer, the special denial made under Subdivision

2. PLEADING:
answer: inoper-
ative denials.

3, Section 11114, Code of 1924, is inoperative and of no effect; as, under the admissions made, there is nothing left to form the issue. It necessarily follows, therefore, that the ruling of the district court was right in striking this pleading.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.